# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL STEPHEN GEERS, | DOCKET NUMBER |
| Appellant, | AT-0752-17-0456-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: March 20, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

Emily Pasternak, Esquire, and Jennifer J. Veloz, Esquire, Miami, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the correct legal standard to the agency's charge, we AFFIRM the initial decision.

The following facts, as detailed in the record and initial decision, are not materially disputed. The appellant held the position of Customs and Border Protection Officer (CBPO). Initial Appeal File (IAF), Tab 33, Initial Decision (ID) at 1. In April 2017, he participated in weapons training where he reportedly pointed his loaded weapon in the direction of colleagues. ID at 3. Thereafter, he reportedly loaded his weapon prematurely, and then responded to criticism about the same with snide comments, failing to recognize the seriousness of his actions. *Id*.

The agency ordered the appellant to undergo a fitness-for-duty examination, followed by a psychiatric independent medical exam (IME). ID at 4. After the psychiatric IME, during which the appellant denied the alleged weapons safety violations, the IME psychiatrist found that he did not present with any psychiatric condition. IAF, Tab 9 at 11-22. He, therefore, deemed the appellant fit for duty, without restriction. *Id*. at 21-22. But, in the months that followed, agency officials provided the IME psychiatrist with documentation of the weapons safety incident and other concerns expressed by the appellant's colleagues, which prompted the IME psychiatrist to recommend additional psychological and neurocognitive testing. IAF, Tab 10 at 30-31.

The neuropsychologist that conducted the aforementioned testing diagnosed the appellant with a cognitive disorder, not otherwise specified. IAF, Tab 8 at 101-11. Among other things, he found that relevant documentation and test results suggested that the appellant had "problem solving deficits that would interfere with his ability to analyze information," a memory that "appears to be compromised," and "significant difficulties in appropriately interacting with [others] because of anger issues and other personality traits." *Id*. at 105. The neuropsychologist indicated that the appellant likely suffered from an organic brain disease that impaired his decision making and judgment. *Id*. at 106. In conclusion, he indicated that the appellant could not carry a government-issued weapon or use proper judgment in law enforcement situations. *Id*. at 109-10.

The appellant then sought out an exam with a psychologist of his choosing. IAF, Tab 10 at 51-58. The appellant's psychologist diagnosed him with an unspecified neurocognitive disorder, and generally concluded that the appellant's work performance may be "hindered at times by impulsivity." *Id*. at 57. He separately described the appellant as potentially fit for duty, but did so with a caveat. *Id*. at 58. Specifically, the appellant's psychologist indicated that the appellant had brain abnormalities that could be explained by either a degenerative disease or by injuries the appellant recounted from his childhood. *Id*. If the latter were the cause of those brain abnormalities, the psychologist suggested that the appellant remained fit for duty because current deficits were pre-existing and life-long, such that his ability to perform as a CBPO is essentially unchanged. *Id*.

Presented with these additional findings, the IME psychiatrist that had previously deemed the appellant fit for duty amended his conclusions. IAF, Tab 8 at 119-23. He determined that the appellant had a cognitive disorder[2] and could not safely, efficiently, and reliably perform all the duties of his position. *Id*. at 120-21. In particular, the IME psychiatrist concurred with the

---

[2] According to the IME psychiatrist, the differing diagnoses of cognitive disorder and neurocognitive disorder simply reflect a change in terminology between the two most recent Diagnostic and Statistical Manuals. IAF, Tab 8 at 120.

neuropsychologist's conclusion that the appellant could not carry a government-issued weapon or use proper judgment in law enforcement situations. *Id*.

Over the following months, the agency offered the appellant the option of retiring, resigning, or requesting reassignment to a position for which he was qualified. IAF, Tab 10 at 60-62, 71. Because the appellant failed to choose any of those options, the agency proposed his removal for medical inability to perform the essential duties of his position. *Id*. at 77-80. Among other things, the proposal noted that the CBPO position required that he carry a firearm and rapidly react to potential threats or physical attacks, i.e., law enforcement situations. *Id*. at 78. Following that September 2016 proposal and the appellant's responses, the deciding official sustained the removal, effective April 2017. IAF, Tab 8 at 51-56. This timely appeal followed. IAF, Tab 1.

After holding the requested hearing, the administrative judge sustained the appellant's removal. ID at 1. Specifically, he found that the agency met its burden of proving the charge, while the appellant failed to prove his claim of harmful procedural error. ID at 2-11. The appellant has filed a petition for review, in which his sole argument is that the agency failed to prove its charge. Petition for Review (PFR) File, Tab 3. He presents no argument regarding the penalty or the affirmative defense he raised below. *Id*. The agency has filed a response. PFR File, Tab 5.

Below, the administrative judge and the parties agreed that the applicable standard for assessing the propriety of the appellant's removal was found at 5 C.F.R. § 339.206. That regulation generally prohibits removal of an employee based solely on their medical history, while providing a limited exception for employees in positions that are subject to medical standards if certain elements are present. 5 C.F.R. § 339.206; *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 11 (discussing the elements required for the exception provided in section 339.206). The agency relied on section 339.206 in analyzing the

charge, IAF, Tab 8 at 12-13, as did the appellant, IAF, Tab 20 at 7-8, Tab 32 at 10, and the administrative judge, IAF, Tab 28 at 4; ID at 2.

Though not raised by either party on review, we find section 339.206 inapplicable. *See* 5 C.F.R. § 1201.115(e) (providing that, although the Board normally will consider only issues raised by the parties on review, it reserves the authority to consider any issue in an appeal before it). As further detailed below, section 339.206 does not apply to this appeal because the agency did not remove the appellant based solely on his medical history; rather, it removed the appellant based on a current medical condition that rendered him unable to perform.

Our recent decision in *Haas* guides our analysis in this case, as it involves a similar fact pattern and a similar misapplication of 5 C.F.R. § 339.206. Like the appellant in the instant appeal, the employee in *Haas* was a CBPO, removed for medical inability to perform the essential functions of his position, stemming from an existing mental health condition. *Haas*, 2022 M.S.P.R. 36, ¶¶ 2-8. On review, we affirmed the removal. But in doing so, we revisited the Board's precedent concerning a medical inability to perform charge where the employee occupied a position that was subject to medical standards, e.g., the position of CBPO. Overruling a number of cases, including one the administrative judge relied on in the instant appeal, *Haas* recognized that 5 C.F.R. § 339.206 should not be universally applied. *Id*., ¶¶ 11-16. Rather, section 339.206 only applies to removals that are "solely on the basis of medical history." *Id*., ¶¶ 11-12.

Regardless of whether a position is subject to medical standards, if an agency removes an employee for inability to perform because of a *current* medical condition or impairment, the agency must prove either a nexus between the employee's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others. *Id*., ¶¶ 15, 20. The Board has otherwise described the standard as requiring that the agency establish that the

appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position. *Id.*, ¶¶ 15, 20.

Although the administrative judge rendered the initial decision in this appeal before we issued *Haas* and, consequently, misapplied 5 C.F.R. § 339.206, remand is unnecessary because the record is fully developed on the relevant issues. ID at 2; *Haas*, 2022 MSPB 36, ¶ 20. As previously discussed, each of the clinicians that evaluated the appellant diagnosed him with an existing mental health condition, with existing limitations. . Most notably, two of those clinicians specifically indicated that the appellant cannot carry a government-issued weapon or use proper judgment in law enforcement situations, both of which are required for his CBPO position. *Compare* IAF, Tab 8 at 109-10, 121-22 (medical opinions regarding the appellant's limitations), *and* Hearing Transcript (HT) at 32-33, 80 (same), *with* IAF, Tab 10 at 82-90 (CBPO position description), *and Haas*, 2022 MSPB 36, ¶¶ 22-23 (discussing the essential functions of a CBPO). The third clinician broadly described the appellant as having limitations such as impulsivity, without specifically addressing his job requirements. IAF, Tab 10 at 57-58. Under these circumstances, where there is no persuasive evidence to the contrary, we find that the agency met its burden of proving that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position. *See, e.g., Haas*, 2022 MSPB 36, ¶¶ 20-26 (sustaining the removal of a CBPO for inability to perform the essential functions of his position where his bipolar disorder rendered him unable to carry a firearm and exercise proper judgment in law enforcement situations).

The appellant's posture throughout this appeal has not been to challenge the veracity of clinicians' diagnoses or general opinions about his condition. Instead, his primary argument has been that their medical findings and other evidence of record does not reflect the "significant risk of substantial harm" element of 5 C.F.R. § 339.206. *E.g.,* PFR File, Tab 3 at 5. In doing so, he goes

to great lengths discussing how high that standard is, and how the agency failed to meet that standard in this case, given the uncertainty in predicting dangerous behavior, as described by those who evaluated the appellant, as well as his history of successful and non-violent performance. *Id*. at 7-21. But again, we find that section 339.206 is inapplicable because the agency removed the appellant for inability to perform based on his current medical condition and limitations. *See Haas*, 2022 MSPB 36, ¶ 16 (recognizing that the determination of whether section 339.206 applies may well be outcome determinative in some cases involving removal for inability to perform).

Even construing his arguments more broadly, and applying the appropriate standard, the appellant's contentions remain unavailing. The appellant's basic assertion is that he has performed well in the past, and clinicians' concern for his ability to continue doing so is too speculative. We disagree. *See Haas*, 2022 MSPB 36, ¶ 19 (rejecting arguments that past successful performance outweighed current medical impressions). Although the appellant may have performed successfully in the past, his more recent performance prompted medical evaluations that revealed a cognitive disorder—one which clinicians described as preventing the appellant from safely and efficiently carrying a firearm and appropriately responding to law enforcement situations, i.e., performing the core duties of his position. *E.g.*, IAF, Tab 8 at 101-10, 119-21. The administrative judge found those conclusions persuasive, ID at 7-8, as do we. The agency has, therefore, met its burden of proving its charge of medical inability to perform, and removal is an appropriate penalty.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.